USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/2/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ANI PHARMACEUTICALS, INC.,

                Plaintiff,

-against-

CABARET BIOTECH LTD.,

                Defendant.
-------------------------------------------------------------- X

**ORDER REGULATING PROCEEDINGS**

19 Civ. 5409 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This declaratory judgment action arises out of a dispute over the interpretation of a complex set of related contracts that govern the payment of royalties in connection with certain patent rights. The parties have cross-moved for judgment on the pleadings, each arguing in favor of their respective understandings of the contracts at issue. For purposes of this order, familiarity with the underlying facts is assumed. For now, it suffices to note three facts. First, the contracts here, broadly stated, call for payment to be made from nonparty Gilead Sciences, Inc. ("Gilead") to Defendant, and for part of this payment to subsequently be distributed to Plaintiff. Second, in October 2018, Gilead informed Defendant that Gilead contested its obligation to pay Defendant, and that Gilead would accordingly make all payments thereafter "under protest." Third, this case was precipitated, in large part, by the inability of Plaintiff and Defendant to agree on whether, in the event Gilead sought to claw back payments to Defendant that had already been distributed to Plaintiff, Plaintiff would be required to contribute the money it had already received.

        Whatever the disagreements that gave rise to this suit, it seems that the parties are now close to agreement. To start, in Plaintiff's moving brief, Plaintiff states that if Gilead were to demonstrate its right to retrieve funds from Defendant, Plaintiff would return its portion of the payment to Defendant:

> [Plaintiff] accepts that, in the event that []Gilead can demonstrate an enforceable legal right to the clawback of previously paid license fees and such fees are returned to it by [Defendant], [Plaintiff] would be legally obligated to remit to Cabaret its pro-rata share of amounts covered by such clawback.

Pl. Mem., ECF No. 24, at 17 n.12. In response, Defendant's opposition brief indicated that Defendant had not previously been made aware of Plaintiff's position in this regard, *see* Def. Opp. Mem., ECF No. 26, at 18 (referring to this concession as being "made for the first time in this dispute in [Plaintiff's] moving brief"), but that, even knowing this position, Defendant could perhaps remain on the hook for payments to Gilead that took the form of a settlement:

> Among other things, [Plaintiff's] concession does not protect [Defendant] in the event that [Defendant] and Gilead achieve a negotiated settlement of their dispute.

*Id.* However, in Plaintiff's reply brief, Plaintiff suggested its amenability to contribute payment to a Gilead-Defendant settlement if Plaintiff's consent is first sought:

> While [Defendant] argues that [Plaintiff] might refuse to reimburse its pro rata share in the event that Cabaret enters into a settlement agreement with []Gilead in which [Gilead] receives some negotiated amount, . . . . [Defendant] can avoid any such potential issue by confirming that [Plaintiff] consents to a prospective settlement agreement that it believes will require [Plaintiff] to participate in a payment to [Gilead] before entering into it . . .

Pl. Reply Mem., ECF No. 27, at 9 (citations omitted); *see id.* (referring to the possibility that Plaintiff "might refuse to reimburse its pro rata share in the event that [Defendant] enters into a settlement agreement" as "speculati[ve]").

In light of the foregoing statements, a conference will be held on January 10, 2020, at 10:00 a.m., to discuss the nature of an agreement, if any, that can be reached between the parties that satisfies all relevant interests.

SO ORDERED.

Dated: January 2, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge